IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHAHID AHMAD MONTANA, # N-83733,** )
*also known as* **REGINALD SMITH,** )
)
      **Plaintiff,** )
)
vs. ) Case No. 13-cv-00967-MJR
)
**GEORGE WILBORN,** *et al.*, )
)
      **Defendants.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff (Doc. 2). Plaintiff, an inmate at Pontiac Correctional Center ("Pontiac"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

    Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater

---
[1] In cases where IFP status is denied, the required fee has increased from $350.00 to $400.00.

of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *Id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Plaintiff's affidavit is deficient in several significant respects. He failed to produce a certified copy of his trust fund account statement. In addition, Plaintiff admitted receiving income from gifts, inheritances, and other sources during the past twelve months, yet failed to disclose the amount (Doc. 2, p. 1). Finally, Plaintiff failed to disclose his ownership interest in real estate and his access to "sources to get funds," both of which he disclosed in an IFP motion that he filed on July 26, 2013, in *Montana v. Bank & Ins. Co., et al.*, No. 13-cv-733-JPG (S.D. Ill. July 23, 2013) (Doc. 6, p. 1).[2] The Court can deny Plaintiff's application on this basis alone.

However, Plaintiff's IFP motion also fails on the merits. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on

---

[2] Court documents such of Plaintiff's IFP motion in another case are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Review of documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Smith v. Godinez, et al.*, Case No. 12-cv-00837 (S.D. Ill., dismissed September 12, 2012); *Smith v. Behm, et al.*, Case No. 12-cv-07474 (N.D. Ill., dismissed November 21, 2012); *Smith v. Bakalis*, 13-cv-00390 (N.D. Ill., dismissed January 22, 2013); and *Smith v. Funk, et al.*, Case No. 13-cv-00062 (S.D. Ill., dismissed February 11, 2013). Because Plaintiff has accumulated over three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has failed to satisfy this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a

3

prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).  Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's IFP motion and complaint contain no suggestion that he is in imminent danger.  To the extent that either pleading focuses on a particular claim, the complaint appears to challenge Plaintiff's transfers between Tamms, Dixon, and Menard Correctional Centers from 2000-2004 (Doc. 1, pp. 5-6).  Although Plaintiff makes a vague reference to a prisoner who may have committed suicide during this time period, Plaintiff asserts no claims that he is personally, presently in any sort of danger of serious physical injury.  Accordingly, his motion to proceed *in forma pauperis* (Doc. 2) shall be denied.

### Pending Motions

Plaintiff has filed a motion for copies, to modify, to enforce discovery, and to have mail opened in front of Plaintiff (Doc. 5), and this motion is **DENIED**.

Plaintiff has also filed a motion for trial/hearing and to compel discovery (Doc. 8), which is also **DENIED**.

### Disposition

Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case.  Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.  It is **further ORDERED** that Plaintiff shall pay the full

filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order.  If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  October 15, 2013**

s/ MICHAEL J. REAGAN<br>United States District Judge