IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAHID AHMAD MONTANA, # N-83733, )
*also known as* **REGINAL SMITH**, )
)
                  **Plaintiff,** )
)
vs. ) Case No. 13-cv-00967-MJR
)
**GEORGE WILBORN,** *et al.*, )
)
                  **Defendants.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff filed a complaint pursuant to 28 U.S.C. § 1983 on September 19, 2013 (Doc. 1). On the same date, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which the Court denied on October 15, 2013 (Doc. 9). The Court ordered Plaintiff to pay the full filing fee of $400.00 for this action within twenty-one days, i.e., by November 5, 2013 (Doc. 9, pp. 4-5). Plaintiff was clearly warned that failure to pay the full filing fee by this deadline would result in dismissal of the case (*Id.*). The date to pay the fee has passed. Plaintiff failed to take any action by the deadline.

A week after the deadline expired, Plaintiff filed a "motion for judge to review" (Doc. 10) on November 12, 2013. The motion, which is written in the form of a prayer, is far from clear. Plaintiff apparently seeks the Court's reconsideration of the Order denying his motion for leave to proceed *in forma pauperis*, or, in the alternative, an extension of the deadline for paying the overdue filing fee (Doc. 9). Plaintiff seems to indicate that he has, or will have, newly acquired wealth of $100 billion, for use in paying the filing fee. He does not state when he will gain/gained access to these funds. The acquisition of substantial wealth, of course,

1

provides no basis for granting a plaintiff leave to proceed *in forma pauperis*. The Court also finds that there is no basis for granting Plaintiff's request for an extension of the payment deadline. To date, Plaintiff has paid nothing toward the $400.00 filing fee, in violation of this Court's order to do so, and the Court will not allow this matter to linger indefinitely.

Accordingly, Plaintiff's motion for judge to review (Doc. 10) is **DENIED**, and this action is **DISMISSED** without prejudice for failure to comply with a Court order. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Pontiac Correctional Center upon entry of this Order.

The Clerk's Office is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: November 19, 2013**

s/ MICHAEL J. REAGAN  
United States District Judge